# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MARVIN ECHOLS,

    *Plaintiff,*                 CASE NO. 1:15-CV-11781-TLL-PTM

v.

WINGATE MANAGEMENT, INC.      DISTRICT JUDGE THOMAS L. LUDINGTON
   d/b/a BRADLEY HOUSE,          MAGISTRATE JUDGE PATRICIA T. MORRIS
BRADLEY HOUSE,
DARLA PENBROKE,
TIFFANY WRIGHT,
MSHDA,
MICHIGAN HOUSE DEVELOPMENT AUTHORITY,
TIMOTHY KELLY,
SEVENTY-FOURTH DISTRICT COURT,[1]

    *Defendants*.

                                              /

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.     RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** against Defendants Kelly, the Seventy-fourth District Court, and the Michigan State Housing Development Authority because Plaintiff has failed to state a claim upon which relief can be granted with respect to those defendants.

---

[1] Plaintiff brings claims against both MSHDA and the Michigan House Development Authority. (Doc. 1.) These are the same entity, as Plaintiff appears to acknowledge in the body of his complaint. (*Id.* at 5.)

**II.     REPORT**

   **A.     Introduction**

On May 19, 2015, Plaintiff Marvin Echols, filed this *pro se* Complaint. (Doc. 1.) Plaintiff's Complaint is in all capital letters and cites numerous federal statutes and constitutional amendments; however his factual allegations are sparse. (*Id.*) He contends that Defendants discriminated against him because of his race as compared to similarly-situated Caucasian beneficiaries of the Section 8 Tenant-Based Assistance Program, under 24 C.F.R. § 982, as follows: (1) "[b]y falsely and fraudulently" allowing similarly situated "white tenants" to have portions of their monthly rent reduced on various economic grounds, but not allowing him to reduce his rent on those same grounds; (2) by not allowing him to pay his rent late with the thirty dollar late fee despite allowing similarly-situated white tenants to do so, in light of the fact that he received his social security check on the twentieth of the month instead of the third; (3) by repeatedly threatening to evict him because he was asking to use the late fee practices set forth in his landlord-tenant contract; (4) by collecting more than the $500 per month allowed by federal and state programs; and (5) "[b]y causing a state court judge . . . of the 74th District Court to approve and issue a writ of eviction . . . causing [Plaintiff] to be homeless." (Doc. 1 at 9-13.)

On his Civil Cover Sheet, Plaintiff only identified his cause of action as "Other Civil Rights"—"Fair Housing and Race Discrimination." (Doc. 1 at 16.) However, in addition to several jurisdiction-granting statutes and constitutional amendments (U.S. Const. amends. I, V, XIII, XIV), Plaintiff cited several federal statutes in his attempt to

identify a cause of action: 42 U.S.C. §§ 1981-1983, 1985, and 1988; the Fair Housing Act ("FHA"), also referred to as Title VIII of the Civil Rights Act of 1968 (42 U.S.C. §§ 3601-3619); the Fair Credit Reporting Act (15 U.S.C. § 1681); the Fair Debt Collection Practices Act (15 U.S.C. § 1692); and the False Claims Act (15 U.S.C. § 3729). (Doc. 1 at 6-8.) Because Plaintiff does not allege facts that could give rise to any of the cited causes of action except a Section 1982 or an FHA claim, I suggest that Plaintiff has failed to state a claim under the remaining cited statutes.

### B. Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure

8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

  **C.**  **Governing Law and Analysis**

  Michigan State Housing Development Authority ("MSHDA"), as a state agency, is entitled to Eleventh Amendment immunity from suit. *Morris v. Dehaan*, 944 F.2d 905, 1991 WL 177995, at *3 (6th Cir. Sept. 12, 1991) (unpublished table decision). In addition, the Seventy-fourth District Court is not an entity capable of being sued because the Michigan courts are an arm of the State of Michigan and thus immune from suit. *Pearson v. Oakland County Circuit Court*, No. 1:15-cv-22, 2015 WL 728475, at *3 (W.D. Mich. Feb. 19, 2015). Finally, Defendant District Judge Kelly, acting in his judicial capacity, is entitled to absolute judicial immunity. *Goldsmith v. Sharrett*, ___ F. App'x ___, 2015 WL 3620176, at *3 (6th Cir. June 11, 2015). I therefore suggest that Plaintiff has failed to state a claim against Defendants Kelly, Seventy-fourth District Court, and the Michigan State Housing Development Authority ("MSHDA").

  As to the remaining Defendants, Wingate Management, Bradley House, Penbroke, and Wright, I suggest that Plaintiff's complaint at least passes screening at this point.

Section 1982 protects against racial discrimination in the sale or rental of property and provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982; *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968). The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

A plaintiff may show discriminatory intent either with direct or circumstantial evidence. *Lindsay v. Yates*, 578 F.3d 407, 415 (6th Cir. 2009). In *Selden Apartments v. U.S. Department of Housing and Urban Development*, the Sixth Circuit applied the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) burden-shifting framework to FHA and Section 1982 claims. 785 F.2d 152, 159 (6th Cir. 1986). Section 1982 claims require a showing of discriminatory intent. *Thompson v. City of Hickman*, 12 F.3d. 214, 1993 WL 494117 at *3 (6th Cir. 1993). If there is no direct evidence of discriminatory intent, a plaintiff may make out a prima facie case of housing discrimination by showing (1) membership in a protected class; (2) that "he or she applied for and was qualified to rent or purchase certain property or housing"; (3) that "he or she was rejected"; and (4) that "the housing or rental property remained available thereafter." *Selden Apartments*, 785 F.2d at 159.

In addition to discriminatory intent claims, the FHA allows a plaintiff to base his or her claim on a showing of disparate impact. *Graoch Associates #33, L.P. v.*

*Louisville/Jefferson Cty. Metro Human Relations Com'n*, 508 F.3d 366, 372 (6th Cir. 2007). In order to show disparate impact a plaintiff must "identify[] and challenge[e] a specific employment practice, and then show an adverse effect by offering statistical evidence of a kind or degree sufficient to show that the practice in question has caused the adverse effect in question." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 830 (6th Cir. 2000).

Here Plaintiff does not make a showing of disparate impact—he offers no statistical evidence of adverse effect—therefore he must show discriminatory intent. *See Thompson*, 12 F.3d, at *3. Plaintiff's complaint is difficult to read but does allege intentional race discrimination, relying on the fact that he was treated differently than similarly situated non-blacks with respect to the collection of rent and imposition of the grace period and late fees. Since pro se pleadings should be construed liberally, I suggest that Plaintiff's claims against these remaining Defendants be allowed to proceed at this juncture. (Doc. 1 at 2-4.)

### D. Conclusion

For the above reasons, I suggest that the Complaint should be *sua sponte* dismissed against Defendants Kelly, Seventy-fourth District Court, and the Michigan State Housing Development Authority because Plaintiff has failed to state a claim upon which relief can be granted with respect to those Defendants.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and

file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 16, 2015					S/ PATRICIA T. MORRIS
							Patricia T. Morris
							United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Marvin Echols at PO Box 2211, Bay City, MI 48708.

Date: June 16, 2015                            By s/Kristen Krawczyk
                                                           Case Manager to Magistrate Judge Morris