UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MARVIN ECHOLS,

     *Plaintiff*,                    CASE NO. 1:15-CV-11781-TLL-PTM

*v.*

WINGATE MANAGEMENT, INC.    DISTRICT JUDGE THOMAS L. LUDINGTON
*d/b/a BRADLEY HOUSE,*         MAGISTRATE JUDGE PATRICIA T. MORRIS
BRADLEY HOUSE,
DARLA PENBROKE,
TIFFANY WRIGHT,

     *Defendants*.

_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
TO DISMISS FOR FAILURE TO PROSECUTE**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's complaint (**Doc. 1**) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that Defendants' motion to dismiss (**Doc. 16**) be **DENIED AS MOOT**.

**II.   REPORT**

    **A.   Background**

On May 19, 2015, Plaintiff Marvin Echols, filed the instant *pro se* Complaint. (Doc. 1). Plaintiff's Complaint is in all capital letters and cites numerous federal statutes

and constitutional amendments; however his factual allegations are sparse. (*Id.*). In essence, Echols asserts that the defendants worked together "to willfully violate [his] statutory and other federal civil rights," "because of [his] race [black]," and in "intentional retaliation" for his "attempts to redress" certain grievances. (*Id.* at 2). Echols further asserts that other, similarly situated persons have been treated differently by the defendants, and that the apparent cause of this differential treatment is race. (*Id.* at 6, 9). Specifically, Echols alleges that the defendants "falsely and fraudulently . . . claim[ed] . . . wrong amounts of [his] portion of the monthly rent," or in other words improperly increased or failed to reduce his rent, whereas the defendants did not act in that manner towards similarly situated non-black tenants. (*Id.* at 9). Echols also asserts that the defendants did not permit him "to pay the approximately $30.00 . . . late fees" on his rent despite financial hardship, threatened him with eviction "for using or even requesting to use the late fee practices of the . . . landlord-tenant contract," improperly evicted him, and continued to collect rent on his apartment even after he was evicted. (*Id.* at 10-13).

On his Civil Cover Sheet, Plaintiff only identified his cause of action as "Other Civil Rights"—"Fair Housing and Race Discrimination." (Doc. 1 at 16.) However, in addition to several jurisdiction-granting statutes and constitutional amendments (U.S. Const. amends. I, V, XIII, XIV), Plaintiff cited several federal statutes in his attempt to identify a cause of action: 42 U.S.C. §§ 1981-1983, 1985, and 1988; the Fair Housing Act ("FHA"), also referred to as Title VIII of the Civil Rights Act of 1968 (42 U.S.C. §§ 3601-3619); the Fair Credit Reporting Act (15 U.S.C. § 1681); the Fair Debt Collection

Practices Act (15 U.S.C. § 1692); and the False Claims Act (15 U.S.C. § 3729). (Doc. 1 at 6-8.)

On June 16, 2015, the undersigned issued a report and recommendation to dismiss *sua sponte* all of Echols' claims except those arising under 42 U.S.C. § 1983, and the FHA, and to dismiss defendants Michigan House Development Authority, Timothy Kelly, and the Seventy-Fourth District Court. (Doc. 6). On September 1, 2015, District Judge Thomas Ludington adopted that recommendation in full. (Doc. 7).

On September 25, 2015, the remaining defendants, *i.e.* Wingate Management Company, LLC, Darla Pembroke, Tiffany Wright, and Bradley House LDHA ("Defendants") filed the instant motion to dismiss or for a more definite statement. (Doc. 17). In that motion, Defendants argue that Echols' complaint fails to state a claim upon which relief can be granted, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 16 at 7-9). Defendants specifically note that Echols' complaint alleges that they engaged in activities which are "merely consistent with the defendant's liability under the Fair Housing Act," and that Echols has merely "rephrase[d] the elements of the cause of action, without any factual allegations that are entitled to an assumption of truth." (*Id*. at 8). In the alternate, Defendants request that the Court order Echols to submit a more definite statement to clarify the murky factual allegations in his complaint. (*Id*. at 9-10).

On September 28, 2015, the Court ordered Echols to respond to Defendants' motion to dismiss or for a more definite statement by October 19, 2015. (Doc. 17). Echols failed to respond.

3

On March 9, 2016, the Court ordered Echols to show cause why his complaint should not be recommended for dismissal for failure to comply with the Court's September 28, 2015, order, and for failure to prosecute. (Doc. 20). Echols was given until March 23, 2016, to show cause. (*Id*. at 4). That deadline passed one week ago, yet Echols has still failed to show cause or to make his presence known on the docket in any way.

**B.      Analysis**

Where a plaintiff, including those proceeding *pro se*, fails to abide by a court's orders, the court may properly order the plaintiff to show cause why the matter should not be dismissed for failure to obey the court's orders and to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martin v. Roadway Exp., Inc.*, 829 F.2d 39 (6th Cir. 1987) (table decision) (affirming the dismissal of a *pro se* plaintiff's complaint under Rule 41(b) where the plaintiff failed to comply with discovery requests and the court's orders, including an order to show cause). This practice enforces the rule that all litigants, including those proceeding *pro se*, must abide by the Federal Rules of Civil Procedure, local rules, and court orders. *Rumburg v. McHugh*, No. 10-CV-11670-DT, 2010 WL 3025024, at *1 (E.D. Mich. July 29, 2010).

Federal courts may *sua sponte* dismiss a complaint where the plaintiff fails to prosecute or comply with the court's orders under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. Courts in this district regularly dismiss complaints lodged by *pro se* plaintiffs who fail to abide by court orders.

4

*See Sabaugh v. Comm'r of Soc. Sec.*, No. 13-CV-14614, 2014 WL 1908424, at *1 (E.D. Mich. May 13, 2014) (Ludington, J.) (adopting recommendation to dismiss a *pro se* plaintiff's complaint where the plaintiff failed to respond to orders to show cause); *Castleberry v. Trans Union, LLC*, No. 12-CV-13346, 2013 WL 6480827, at *1 (E.D. Mich. Dec. 10, 2013) (Ludington, J.) (same); *Cook v. Taxak*, No. 13-CV-10821, 2013 WL 5372868, at *1 (E.D. Mich. Sept. 25, 2013) (same); *Luckett v. Bayoneto*, No. 11-CV-11107, 2013 WL 5203851, at *1 (E.D. Mich. Sept. 16, 2013) (same).

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). Echols was ordered to respond to Defendants' motion to dismiss in September 2015. (Doc. 17). The Court's March 2016 order to show cause specifically warned him that failure to comply could lead to dismissal. (Doc. 20). Echols had notice of these orders, which were delivered to his postal box in Bay City, Michigan. Echols' failure to comply with the Court's orders thus appears willful. Factors one and three favor dismissal. While there is no specific indication that Defendants have been prejudiced by Echols' nonresponsive conduct, his failure to comply with the Court's orders has unnecessarily protracted this litigation, thereby increasing the cost of mounting a defense. Factor two weighs somewhat in favor of dismissal. Finally, because Echols, a *pro se* plaintiff, has

5

been totally absent from this case since filing his complaint in May 2015, a sanction less than dismissal would be fruitless. *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (Holding that where a *pro se* petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). Factor four weighs strongly in favor of dismissal. For these reasons, the Court finds that dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate.

Dismissal under Rule 41(b) "operates as an adjudication on the merits" except where the dismissal is "for lack of jurisdiction, improper venue, or failure to join a party." Fed. R. Civ. P. 41(b). Dismissal "on the merits" is synonymous with dismissal "with prejudice." *Mufadhal v. Citimortgage, Inc.*, No. 12-CV-10251, 2012 WL 5989887, at *1 (E.D. Mich. Nov. 30, 2012). The Supreme Court has held that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Court thus finds that dismissal with prejudice is appropriate.

### C.   Conclusion

On account of Echols' repeated failure to comply with the Court's orders and to prosecute his case, I recommend that Echols' complaint (**Doc. 1**) be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), and that Defendants' motion to dismiss (**Doc. 16**) be **DENIED AS MOOT**.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve

6

and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 30, 2016                                S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Marvin Echols at P.O. Box 2211, Bay City, MI 48708.

Date: March 30, 2016                                   By s/Kristen Krawczyk
                                                        Case Manager

8